IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:07CR402 |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| LORENZO VIEZCAS-SOTO, | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Amended Motion to vacate under 28 U.S.C. § 2255 motion, Filing No. 57. The defendant filed the pending § 2255 motion after he was resentenced to "time served" on remand from United States Court of Appeals for the Eighth Circuit ("Eighth Circuit").[1] He was convicted after pleading guilty to one count of illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a). Filing No. 27, Judgment. Though largely incoherent, the defendant's amended petition apparently challenges the factual predicate for his conviction, alleging that "[i]n 1983 [he became] a legal resident." See Filing No. 57, Motion at 6 (Doc # 5, Page ID # 193).

The defendant was originally sentenced to a term of twenty-four months. Filing No. 27. On appeal, he challenged this court's application of a sentencing enhancement for reentry after conviction for a crime of violence. Filing No. 29, Notice of Appeal; Filing No. 42, Eighth Circuit opinion at 1. The Eighth Circuit found that the government had not met its burden of proving that the offense was a felony within the meaning of the Guidelines, and remanded for resentencing. *Id.* On remand, the court sentenced the defendant, on

---

[1] The amended motion contained a return address of Oklahoma City, Oklahoma, but was postmarked in Mexico.

July 9, 2009, to "time served," followed by a term of supervised release of one year.  Filing No. 51.  He has since been released from custody.  *See* Bureau of Prisons website, accessed at http://www.bop.gov/iloc2/InmateFinder (showing release date of July 20, 2009).

Under the *Rules Governing Section 2255 Proceedings for the United States District Courts* ("2255 Rules"), the court is required to perform an initial review of the defendant's § 2255 motion.  See 2255 Rule 4(b).  "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  *Id.*

The federal habeas corpus statute applies to "prisoners in custody under sentence of a court established by Act of Congress."  28 U.S.C. § 2255.  The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.  *Hensley v. Municipal Court,* 411 U.S. 345, 351 (1973).  The statute affords relief only to prisoners claiming a right to be released from custody.  *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255).  A person is considered to be in custody for purposes of the habeas corpus statute if "he is subject to restraints 'not shared by the public generally.'" *Id.* (*quoting Jones v. Cunningham*, 371 U.S. 236, 240 (1963)).  Absent allegations of ineffective assistance of counsel, claims that were not made during district court proceedings or on direct appeal

2

are procedurally defaulted and may not be raised for the first time in a § 2255 motion. *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010).

On initial review, the court finds it plainly appears that the defendant is not entitled to relief, and that summary dismissal of his motion is appropriate. The record shows that the defendant is no longer in custody. His term of supervised release has ended. In addition, the motion appears to challenge immigration decisions outside the control of the court. Also, the defendant does not allege ineffective assistance of counsel, and any challenges to the facts underlying his conviction for illegal reentry were waived by his entry of a plea of guilty as well as by his failure to raise the issue in the direct appeal of his conviction and sentence. Accordingly,

IT IS ORDERED that the defendant's amended motion to vacate, set aside or correct his sentence is denied.

DATED this 20th day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.